IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT W. CLAYPOLE, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 10-5003 |
| | : | |
| CHASE HOME FINANCE LLC, et al. | : | |

**ORDER**

AND NOW, this 23rd day of March, 2011, it is ORDERED Defendant Phelan, Hallinan & Schmeig's Motion to Dismiss (Document 8) is GRANTED.[1]

---

[1] Plaintiffs Robert Claypole and Diana Missimer Claypole brought this suit against their mortgage holder, Chase Home Finance (Chase), and law firms Phelan, Hallinan, & Schmieg (Phelan) and Duane Morris, alleging violations of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA). The Claypoles stopped paying their mortgage after October 2007. Thereafter, Chase notified the Claypoles they were behind on their mortgage payments, which at the time were $2,637.12 per month (consisting of $1,606.24 in principal and interest, and $1,030.88 in escrow payments). In May 2008, after the Claypoles made no further payments, Phelan began foreclosure proceedings on behalf of Chase. On May 11, 2009, Duane Morris replaced Phelan as Chase's counsel. In November 2009, the Claypoles received an escrow account disclosure statement from Chase stating they had an escrow surplus of $11,709.79. Plaintiffs allege this amount, which constitutes nearly one year of escrow payments, violates federal law limiting escrow payments to the amount used to pay taxes, insurance premiums, and other charges for one year, plus a 1/6th cushion. *See* 12 U.S.C. §§ 2601, 2609.

Phelan filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing, *inter alia*, that the claims against it are time-barred. Plaintiffs now agree all claims against Phelan should be dismissed except their allegation Phelan violated the FDCPA by filing a complaint against Plaintiffs in which Phelan allegedly made "false, deceptive, or misleading representation[s] or means in connection with the collection of [a] debt." 15 U.S.C. § 1692e. This Court must thus consider whether this claim is barred by the FDCPA's one-year statute of limitations. *See* 15 U.S.C. § 1692k(d).

Phelan filed suit on behalf of Chase in May 2008, but was replaced as counsel before any issues relating to the Claypoles' escrow account arose. An FDCPA action must be brought "within one year *from the date on which the violation occurs*." 15 U.S.C. § 1692k(d) (emphasis added). The statute of limitations for an FDCPA claim against Phelan began to run in May 2008, because the only action which Plaintiffs allege could create liability for Phelan under 15 U.S.C. § 1692e was the filing of the complaint. The Claypoles did not file the instant suit until September 2010. Thus, the Claypole's FDCPA claim is time-barred as to Phelan and shall be dismissed.

BY THE COURT:

    \s\ Juan R. Sánchez
Juan R. Sánchez, J.

---

If necessary for the purposes of appeal, this Court will write further to explain its reasoning and to address the other arguments raised in Phelan's motion to dismiss.